# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:

Anthony Taylor

    Debtor(s)

JUDGE RICHARD L. SPEER

Case No. 09-32681

## DECISION AND ORDER

This cause comes before the Court after a Hearing on the Motion of the United States Trustee to Dismiss Case for Abuse Pursuant to 11 U.S.C. § 707(b)(1), (b)(2), & (b)(3). At the conclusion of the Hearing, the Court took the matter under advisement so as to afford time to further consider the arguments raised by the Parties. The Court has now had this opportunity, and finds, for the reasons set forth herein, that the Motion of the United States Trustee should be Granted.

## FACTS

On April 24, 2009, the Debtor, Anthony Lorne Taylor, filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. (Doc. No. 1). The United States Trustee, thereafter, filed the Motion now before the Court to Dismiss Case for Abuse. (Doc. No. 24). Just prior to the Hearing held on this Motion, the Debtor filed with the Court an Amended Bankruptcy Official Form 22A, entitled "Chapter 7 Statement of Current Monthly Income and Means-Test Calculation." (Doc. No. 32). On this form, the Debtor checked the box providing: "The presumption arises." *Id.*

## DISCUSSION

Section 707(b)(1) provides that a case of an individual debtor whose debts are primarily consumer debts may be dismissed if the court finds, after notice and a hearing, that granting a

In re: Anthony Taylor
Case No. 09-32681

discharge would be an abuse of the provisions of Chapter 7 of the Bankruptcy Code. Two methods are then prescribed in § 707(b) to assess whether "abuse" is present: (1) presumed abuse under the objective 'means test' set forth in § 707(b)(2); and (2) the more subjective test found in § 707(b)(3), which looks to whether the debtor filed their petition in bad faith and whether the totality of the circumstances surrounding the debtor's financial situation demonstrate abuse.

Under the first method, the 'means test' of § 707(b)(2), Congress created a mechanical formula for assessing the existence of abuse. The mechanical formula of the 'means test,' while complex in its operation, is simple in concept: if a debtor's income exceeds his or her necessary expenses by an amount set by statute, a presumption that the debtor is abusing the bankruptcy process will arise. For this assessment, a debtor's income is defined by statute. 11 U.S.C. § 101(10A). The 'means test' of § 707(b)(2) also prescribes in exacting detail what expenses of a debtor will be allowed as a charge against income. 11 U.S.C. § 707(b)(2)(A)(ii).

An individual debtor in a Chapter 7 case is required to perform their own 'means test' calculation according to the formula prescribed in § 707(b)(2). FED.R.BANKR.P. 1007(b)(4). This calculation is then to be filed with the court on Official Bankruptcy Form 22A. *Id.* In accordance therewith, the Debtor filed with the Court an amended Form 22A, wherein, after performing the 'means test' calculation prescribed in § 707(b)(2), the Debtor set forth that the presumption of abuse arose in his case. At the Hearing held on the UST's Motion to Dismiss, the Debtor did not challenge the veracity of his calculation.

If, under the 'means test' formula of § 707(b)(2), a presumption of abuse does arise, the Court is required to dismiss the debtor's bankruptcy case unless the debtor is able to rebut the presumption according to the requirements of § 707(b)(2)(B)(i). This provision provides:

Page 2

In re: Anthony Taylor
Case No. 09-32681

> In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.

The effect of this section is to give the Court some discretion to allow changes in the 'means test' calculation. *In re Castle*, 362 B.R. 846, 850 (Bankr. N.D.Ohio 2006). But as this Court has also noted, § 707(b)(2)(B)(i) "goes on to set this bar extremely high, placing it effectively off limits for most debtors." *In re Wright*, 364 B.R. 640, 642 (Bankr. N.D.Ohio 2007).

In seeking to maintain his Chapter 7 bankruptcy, the Debtor relied heavily on the pending foreclosure of his former marital residence. (Doc. No. 31). On this matter, the Debtor called the Court's attention to these facts:

> In 2001, he was divorced.
>
> As a part of the divorce, his former wife was awarded the marital residence, and was required to hold the Debtor harmless on the mortgage encumbering the residence. Debtor's former wife, however, did not comply with her duty to hold the Debtor harmless on the mortgage obligation. Approximately $97,000.00 is still owed on the mortgage. The Debtor is personally liable for this obligation.
>
> Shortly after his divorce, Debtor's former wife filed for bankruptcy protection, obtaining thereafter a discharge under Chapter 7 of the Bankruptcy Code. Afterwards, title to the former marital residence was transferred to and placed solely in the name of the Debtor. The Debtor, however, who no longer lives in the property, has been unable to satisfy his obligation with respect to the mortgage or otherwise work out a satisfactory arrangement with the mortgage lender.
>
> In foreclosure, the amount realized on any sale of the property is unlikely to fully satisfy the mortgage obligation. It is estimated that the Debtor's liability on any deficiency will be at least $10,000.00, if not more. Besides ordinary

Page 3

In re: Anthony Taylor
Case No. 09-32681

    course obligations, this liability constitutes the Debtor's only unsecured obligation.

In addition to these circumstances surrounding his former marital residence, the Debtor contends that he should, under the 'means test' calculation, be permitted an additional $1,048.00 deduction based upon a mortgage payment his current spouse pays. (Doc. No. 32).

    According to its statutory text, a party seeking to rebut the presumption of abuse under § 707(b)(2)(B) must establish three substantive requirements. First, the debtor must show 'special circumstances' which would justify an adjustment to the debtor's income or expenses. Second, the debtor must show that there is no reasonable alternative but to make the adjustment. *In re Witek*, 383 B.R. 323, 329 (Bankr. N.D.Ohio 2007). Finally, the 'special circumstances' necessitating the adjustment to the debtor's income or expenses must reduce the debtor's available income below the level which had originally given rise to the presumption of abuse.

    The Bankruptcy Code does not directly define what constitutes 'special circumstances' for purposes of § 707(b)(2)(B)(i). Instead, this provision gives two examples of what will qualify as a 'special circumstance': (1) a serious medical condition; or (2) call to active duty in the Armed Forces. With respect to these examples, this Court, applying the canon of statutory interpretation known as *ejusdem generis*,[1] has held that, to qualify as a 'special circumstance' within the meaning of § 707(b)(2)(B), the situation presented by the debtor must have traits in common with those examples given in the statute.

---

[1] This interpretive doctrine, meaning literally "of the same kind," holds that a court is to interpret legislatively provided examples of a specific nature as typical of the general category covered. *U.S. v. Parson*, 955 F.2d 858, 869 fn. 15 (3rd Cir. 1992).

Page 4

In re: Anthony Taylor
Case No. 09-32681

Contrary to this approach, the Debtor's desire to discharge a single debt arising from the breakup of his marriage can hardly be said to have, in any meaningful way, traits in common with a serious medical condition or call to active duty in the Armed Forces. Especially noticeable for this purpose is that, besides the marital obligation, the Debtor has no other meaningful debts and, at this time, his potential liability for the marital debt has yet to be liquidated. In this regard, while the Court sympathizes with Debtor, in that his ex-wife did not live up to her obligation in the divorce, the Debtor's desire to avoid a potential deficiency on a mortgage obligation incurred during a former marriage seems awkwardly out of place when compared with debtors facing a serious medical condition or call to active duty in the Armed Forces.

For these reasons, any expense incurred by the Debtor as the result of his marital debt cannot be said to constitute a 'special circumstance' justifying an adjustment to the Debtor's expenses. The same is also true of the $1,048.00 mortgage payment which the Debtor's spouse currently pays. Besides this expense lacking any indicia of the 'special circumstances' contemplated by § 707(b)(2)(B), the Debtor did not offer any reason why there is no reasonable alternative for this expense. However, even disregarding the foregoing discussion, the Debtor is still faced with an additional hurdle.

Besides the substantive elements needed to rebut the presumption of abuse, § 707(b)(2)(B) also contains mandatory procedural requirements. These requirements set forth that a debtor must "itemize each additional expense or adjustment of income and . . . provide . . . (I) documentation for such expense or adjustment to income; and (II) a detailed explanation of the special circumstances that make such expenses or adjustment to income necessary and reasonable." 11 U.S.C. § 707(b)(2)(B)(ii). Additionally, a debtor must "attest under oath to the accuracy of any information provided to demonstrate that additional expenses or adjustments to income are required." 11 U.S.C. § 707(b)(2)(B)(iii). This necessary documentation, however, was not submitted to the Court, thus precluding any finding that the presumption of abuse has been rebutted.

Page 5

In re: Anthony Taylor
Case No. 09-32681

In conclusion, the Court, based upon the financial figures provided by the Debtor, finds that, pursuant to the 'means test' of 11 U.S.C. § 707(b)(2), granting relief to the Debtor under Chapter 7 of the Bankruptcy Code gives rise to a presumption of abuse. Additionally, the Debtor has not made the requisite showing to rebut this presumption according to the conditions set forth in § 707(b)(2)(B). In reaching these conclusions, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that, subject to the Debtor's election to convert this case, the Motion of the United States Trustee to Dismiss under 11 U.S.C. § 707(b)(1) and § 707(b)(2), be, and is hereby, GRANTED.

***IT IS FURTHER ORDERED*** that the Clerk, United States Bankruptcy Court, is directed to prepare for presentation to the Court an order of dismissal under 11 U.S.C. § 707(b)(1) if, at the opening of business on Monday, September 21, 2009, this case is still proceeding under Chapter 7 of the United States Bankruptcy Code.

Dated: September 4, 2009

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 6

# CERTIFICATE OF SERVICE

Copies were mailed this 4th day of September, 2009 to:

William L Swope
221 South Main St
Findlay, OH 45840-3336

Anthony Lorne Taylor
15657 S.R. 309
Kenton, OH 43326

J Michael Hood
231 N Main St
Ada, OH 45810

Dean Wyman ust03
201 Superior Aveneue, Suite 441
Cleveland, Oh 44114-1240

/s/Jennifer S Huff
Deputy Clerk, U.S. Bankruptcy Court